IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CARLOS LEANDRO DÍAZ §
FUENMAYOR, A#245-657-133 §
Petitioner, §
§
v. §   No. 3:26-cv-00341-S (BT)
§
U.S. IMMIGRATION AND §
CUSTOMS ENFORCEMENT (ICE), §
§
Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* petitioner Carlos Leandro Díaz Fuenmayor—an alien detainee incarcerated in the Limestone County Detention Center in Groesbeck, Texas—filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 through his next friend, María José Martell. Pet. at 3, 4 (ECF No. 3). Petitioner challenges the "legality and constitutionality of his prolonged immigration detention." *Id.* at 1.[1] He seeks release from custody or an individualized bond hearing before an immigration judge. *Id.* at 2. The Court should dismiss Petitioner's habeas petition without prejudice for lack of jurisdiction.

---

[1] Because the Court lacks jurisdiction over the § 2241 petition, it does not address Martell's ability to file a § 2241 petition on Petitioner's behalf under 28 U.S.C. § 2242. *See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)* (explaining that "next friend" standing is not granted automatically; the filer first "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action").

The Northern District of Texas is not the correct court to entertain Petitioner's § 2241 petition because Petitioner is not confined here. A § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The court lacks jurisdiction to consider a § 2241 petition unless the federal prisoner or his custodian are found within the district court's jurisdiction. *See Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)). When a district court lacks jurisdiction over a § 2241 petition, the court should dismiss the petition without prejudice to permit the petitioner to file it in the proper court. *Id.* at 375.

Here, because Petitioner is confined in the Limestone County Detention Center, which is within the Waco Division of the Western District of Texas, *see* 28 U.S.C. § 124(d)(2), the court should dismiss this action without prejudice for lack of jurisdiction. *See, e.g., Burton v. United States*, 2025 WL 1932355, at *1 (N.D. Tex. June 23, 2025), *rec. accepted* 2025 WL 1929919 (N.D. Tex. July 14, 2025) (finding that the petitioner's § 2241 petition filed in the Northern District of Texas should be dismissed for lack of jurisdiction because the petitioner was

confined in the Limestone County Detention Center); *see also Burton v. Brenner*, 2025 WL 1335673, at *1 (N.D. Tex. Apr. 17, 2025), *rec. accepted 2025 WL 1333656 (N.D. Tex. May 7, 2025)* (same); *Montero v. Bush,* 2005 WL 2362236, at *1 (S.D. Miss. Sept. 26, 2005)* ("A § 2241 habeas petition must be pursued in the petitioner's district of confinement and since the petitioner is not incarcerated in this district, this Court does not have jurisdiction to address any constitutional issues presented by him in his § 2241 petition.").

## Recommendation

For the reasons set forth, Petitioner's 28 U.S.C. § 2241 habeas petition should be dismissed without prejudice for lack of jurisdiction.

SO RECOMMENDED.

February 12, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

3